UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NATIONAL FAIR HOUSING ALLIANCE,

    Plaintiff,

v.                                                        Civ. No. 20-457 MV/GJF

BROOKDALE SANTA FE, et al.

    Defendants.

## ORDER EXTENDING PRETRIAL DEADLINES

THIS MATTER is before the Court on Plaintiff's Second Motion for Extension of Time to Complete Discovery and Remaining Case Deadlines [ECF 66] ("Motion"). The Motion is fully briefed. ECFs 67 ("Resp."), 68 ("Reply"). The Motion seeks to extend pretrial deadlines by sixty days. *E.g.*, Mot. at 1. Concluding that Plaintiff has shown good cause for such an extension, the Court will **GRANT** the Motion. The Court cautions both sides, however, that this will be the final extension of the discovery deadline.

### I. BACKGROUND

Thus far, this case already features three orders extending the discovery deadline. First, the Court extended the deadline in July 2021. ECF 40. Fast-forwarding to February 2022, the Court again extended the deadline after full briefing and oral argument. *See generally* ECF 52 (citing ECFs 43–45, 50). On September 1, 2022, during a telephonic status conference ("TSC"), Plaintiff acknowledged difficulty in scheduling four key witness depositions. ECF 63. Consequently, the Court *sua sponte* extended the deadline once more for both parties' benefit. *Id.*; ECF 64 (amending the deadline to October 28, 2022).

Nonetheless, on October 21, 2022, Plaintiff filed the instant Motion, chronicling its nearly three-month pursuit of these depositions, three of which involve former employees of Defendants[1] and one involving a corporate representative. *See* ECF 63; Mot. at 2–4. In short, Plaintiff argues that its pursuit continues only because defense counsel essentially ignored Plaintiff's repeated requests for deponent availability. Mot. at 2–4 (recounting Plaintiff's *four* separate requests for deponent availability beginning August 5, 2022). According to Plaintiff, Defendants avoided answering its deposition scheduling questions yet demonstrated no delay in responding when the topic was settlement negotiation. Both parties agree that Defendants offered to retract their opposition to the Motion if Plaintiff agreed to resume negotiations from the monetarily lower starting point provided by Defendants. Plaintiff emphasizes the disparity in Defendants' responsiveness to imply that their delay tactics and opposition to the Motion equate to improper leveraging of the discovery deadline. *See id.* at 3; Reply at 1–2. Thus, Plaintiff insists that blame for the parties' inability to meet the discovery deadline properly rests with Defendants. *See* Mot. at 1, 4.

For their part, Defendants rely on a shorter timeline of events. *See* Resp. at 1. Defendants begin with the TSC on September 1, 2022, and emphasize that Plaintiff's counsel thereafter went radio silent for a month, from September 9, 2022, to October 11, 2022. *Id.* at 3; *but see* Reply at 1–2 (listing Plaintiff's repeated attempts to obtain deponent availability from defense counsel that pre-date the TSC). Next, Defendants stress that the Motion could have been unopposed had Plaintiff been more amenable to using Defendants' most recent counteroffer as a negotiation starting point. *Id.* at 3. Further, Defendants lean heavily on the fact that Plaintiff's "demand" for deposition dates coincided with defense counsel's weeklong trial that "Plaintiff's counsel already

---

[1] "Defendants" refers to the final two defendants left in this case, Brookdale Place of Albuquerque, LLC, and BLC-Ponce De Leon, LLC.

knew" of. *Id.* at 4. So, between "[Plaintiff's] own failure to timely schedule and complete depositions" and its refusal to agree to Defendants' particular framework for continued negotiation, Defendants urge the Court to deny the Motion, which would effectively keep discovery closed.

## II.   DISCUSSION

### A.   Applicable Legal Standard

The Federal Rules of Civil Procedure provide that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To satisfy [the good cause] standard[,] a movant must show that 'the scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (internal citation omitted). "Good cause" requires that the movant justify the delay with "adequate explanation." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal citation omitted); *but see Pulsecard, Inc. v. Discover Card Servs. Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) ("Carelessness is not compatible with a finding of diligence"). Good cause "is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (quoting 3 James Wm. Moore, *Moore's Federal Practice - Civil* § 16.14[1][b] (3d ed. 2019)).

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit provides several relevant factors to guide the application of that discretion:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for

discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*E.g.*, *id.* The movant's reasons should be where the trial court looks first. *See Tesone*, 942 F.3d at 988; *see also Smith*, 834 F.2d at 169 (quotations and alterations omitted) ("[T]he factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change.").

**B. Analysis**

The Court concludes that Plaintiff has shown good cause for extending the discovery deadline one final time. To begin, the Court finds that Plaintiff diligently pursued the depositions. Plaintiff asked defense counsel for deposition scheduling dates on August 5, August 29, September 7, and October 17 of 2022. *See* Mot. at 2–4. The record reveals that Defendants' inability to accommodate or cooperate with Plaintiff's repeated requests explains why these depositions remain unscheduled. *See id.* at 2 (explaining that Plaintiff's counsel responded to defense counsel's email with an estimated length of each deposition and plaintiff counsel's availability— "any time"—and defense counsel promised to "have the deposition dates soon" and " check[ ] on [it]" but later ignored the request entirely and ultimately divulged nothing). Given Defendants' refusal[2] to produce the information Plaintiff repeatedly requested, Plaintiff has adequately shown that it could not have met the current deadline "despite [its] diligent efforts." *Gorsuch*, 771 F.3d at 1240.

---

[2] The instant Motion does not require the Court to decide whether Defendants' refusal to provide deposition dates was deliberate, in bad faith, or otherwise. Nor does the Motion require the Court to consider the imposition of sanctions. It is enough to say, however, that the record suggests a concerted effort by Defendants to run out the discovery clock in hopes of leveraging a more advantageous settlement. *Compare* Mot. at 2–3 ("Plaintiff's counsel asked Mr. Oller why it is taking over 30 days to get the witness availability . . . . Mr. Oller did not respond to these questions in his response email."), *with id.* (documenting Mr. Oller's noticeably more prompt responses on September 9, October 4, and October 17, 2022, all of which concerned settlement and provided information germane to that purpose), *and* Resp. at 3 ("Defendants [counteroffered] on October 17, 2022[,] and expressed an interest in *agreeing to another discovery extension if* Plaintiff believed the parties could make significant progress towards [settlement] *using Defendants' proposal as a base*.") (emphasis added).

4

Lastly, the Court notes that the remaining *Smith* factors favor Plaintiff's position. Trial is neither imminent nor scheduled. *See* ECF 63 ("[N]o trial date has been set"). Defendants' Response offers no reason why the requested extension would prejudice them; indeed, it mentions not a single negative effect on Defendants of any kind.[3] The need for additional discovery appears unforeseeable given that Defendants at the TSC gave Plaintiff no reason to anticipate delay tactics that would push discovery past the deadline. *See* ECF 63. Given that three of the putative deponents are former employees of Defendants and one is a corporate representative, their depositions would presumably produce at least some relevant evidence.

In sum, although Defendants accuse Plaintiff of "lack[ing] diligence in setting depositions . . . [and] attempt[ing] to cast blame on Defendants for [Plaintiff's] own failure," *id.* at 4, the record makes clear that more of the blame for delay properly belongs to Defendants.[4]

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED** and the deadlines in this matter [ECF 64] are amended as folows:

(1) the termination date for discovery shall be **January 19, 2023**;

(2) discovery motions, if any, must be filed by **February 9, 2023**;

(3) pretrial motions other than discovery motions must be filed by **February 21, 2023**.

---

[3] On the contrary, Defendants admitted their amenability to extension—a position that would appear diametrically opposed to a claim of prejudice—provided, of course, that Plaintiff agreed to abandon its then-current negotiating position. *See* Resp. at 3–4.

[4] The Court urges the parties to refrain from any tactics that "impede[ ], delay[ ], [and] frustrate[ ] the fair examination of the[se] deponents." Fed. R. Civ. P. 30(d)(2) (authorizing sanctions either upon motion or *sua sponte*); *cf. Mann v. Fernandez*, 615 F. Supp. 2d. 1277, 1288–89 (D.N.M. 2009) (declining to reward a party for its "deliberate, tactical decision" to game discovery deadlines despite the decision "amount[ing] to a quasi-sanction").

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE